Nott, J.,
delivered the opinion of the conrt :
This case presents a novel and interesting jurisdictional question, which hasnotbeen the subject of argument, but which has received the serious consideration of the court.
The claim was transmitted to the court by the Committee on Claims of the House of Representa! ives. The defendants now move to dismiss the petition for want of jurisdiction, upon the grounds that the claim was barred when referred (1) by the statute of limitations (Rev. Stat., section 1069) and (2) by a former judgment of this court within the meaning of section 1093. The counsel for the claimant replies that the former action was an action at law upon the contract, and that the present is a suit in equity to set aside or reform the contract upon the ground of fraudulent representations made by the officers of the government, whereby the claim ant was induced to enter into a ruinous agreement. The counsel accordingly insists that neither a former recovery upon a different cause of action nor a statute of limitations which applies only to cases “ cognizable by the Court of Claims ” can prevent a consideration of this case upon the merits.
It may be conceded that if the government reaped a benefit, and a claimant suffered a loss in consequence of the fraudulent representations of a public officer, it would be good ground for equitable relief in Congress; and it may also be conceded that an action brought to recover for services rendered under a contract is not identical with an action founded upon a fraud anterior to the contract. The test of identity or non-identity in such cases is to be found in the proof necessary to sustain the two actions respectively. If the proof which would support this ease would have had no tendency to maintain the other, the questions involved are essentially unlike. (Bigelow on Es-toppel, p. 33.) But at the threshold of this case lies a jurisdictional impediment of which the court must take notice.
The reference of the Committee on Claims is not a reference of the claim generally, but of House bill No. 896, “ for the relief of Charles Choteau”: and the bill so transmitted is to authorize this court to grant a rehearing in the former case, with power to determine the amount incurred by reason of certain delays occasioned by the acts of the government or for extras beyond the work contemplated by the contract; and the *252 bill concludes with this provision, that “if upon such rehearing a receipt dated April 24, 1866, shall be given in evidence, j the court may give judgment for such sum as shall be justly and equitably due notwithstanding such receipt.”
It is manifest, we think, that the purpose of this bill, which never became a law, was to grant a new trial in the former J action; with a waiver of a certain defense which had formerly defeated the claimant’s recovery; but it is avowed by the petition that the purpose of the present suit is to bring before the court an essentially different cause of action.
From these facts and considerations the court deduces the following conclusions:
1. A committee of either of the houses of Congress cannot, through the medium of the Bowman Act, open a final judgment J of this court, nor grant a claimant a new trial, nor waive a legal defense to the claim, nor take a claim out of the operation of the statute of limitations.
2. Where a committee in Congress transmits a pending bill for the relief of a claimant to this court under the provisions of the Bowman Act, jurisdiction is necessarily restricted to the J claim described in the bill; and the cause of action set up in the petition must be substantially the same as that transmitted -by the committee.
The court also desires to call the attention of parties to the facts found and determined on the former trial. They are set forth both in 9 C. Cls. R., .155, and in 95 U. S. R., 61. It will be perceived by referring to them that every fact which could be found for the claimant under this reference has been already found and is set forth in those findings. They fix the amount of the claimant’s losses in each branch of his case; they show the character and nature of the government’s defenses, and they inform Congress of every fact necessary to be known if it be the purpose of Congress to afford the claimant the relief he seeks. This remark, of course, does not apply to the allegations in the pending petition which charge fraudulent representations on the part of the government’s agents. That question did not arise on the former trial.
. The judgment of the court is that the petition of the claim-0 ant be dismissed, and that a copy of this opinion be certified to the Committee on Claims of the House of Representatives.